**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
         chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Homar Mendoza**, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Tacos de Cabeza, LLC**, an Arizona limited liability company, **Carlos Salas and Rosalinda Arzate,** a married couple,<br><br>Defendants. | No. _____<br><br>**COLLECTIVE ACTION COMPLAINT PURSUANT TO 29 U.S.C. § 201, *ET SEQ.*** |

Plaintiff, Homar Mendoza ("Plaintiff"), individually, and on behalf of all other persons similarly situated, alleges as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action on behalf of himself and all similarly-situated current and former employees of Defendants Tacos de Cabeza, LLC, Carlos Salas and and Rosalinda Arzate[1] who were not compensated at a rate of one and one-half times their regular rates of pay for hours they worked in excess of 40 in a given workweek.

---

[1]      All Defendants to this action are collectively referred to as either "Tacos de Cabeza" or "Defendants" unless specified otherwise.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

2.      Plaintiff, individually, and on behalf of all others similarly situated, brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

3.      Plaintiff brings a collective action under the FLSA to recover the unpaid overtime owed to them individually and on behalf of all other similarly situated employees, current and former, of Defendants.  Members of the Collective Action are referred to as the "Collective Members."

4.      The Collective Members are all current and former employees who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

5.      This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

6.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours."  Under the FLSA, employers must pay all non-exempt employees an overtime premium for all time spent working in excess of 40 hours per week.

7.      Defendants engaged in the regular policy and practice of subjecting Plaintiff and the Collective Members to their policy and practice of failing and/or refusing to pay them overtime for time they worked in excess of 40 hours per week, in violation of 29 U.S.C. § 207(a).

8.      Therefore, Defendants did not pay Plaintiff or the Collective Members the applicable overtime rate, in violation of 29 U.S.C. § 207.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## JURISDICTION AND VENUE

9.      Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

10.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this action arises under the Constitution and laws of the United States.

11.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the conduct alleged in the Complaint – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

12.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

13.     At all times material to the matters alleged in this Complaint, Plaintiff is an individual residing in Maricopa County, Arizona, and has been an employee of Defendants.

14.     At all material times, Plaintiff Homar Mendoza was a full-time, non-exempt employee of Defendants who worked for Defendants for approximately ten (10) years until approximately February 27, 2022.

15.     At all material times, Plaintiff Homar Mendoza was employed by Defendants as a cook, a server, and a manager earning a daily rate of pay of $100, plus an additional $3 per hour for time spent serving.

16.     At all material times, Defendants employed Plaintiff Homar Mendoza to perform various "back-of-house" kitchen-related labor and various "front-of-house" serving related labor.

17.     At all material times, Plaintiff Homar Mendoza was an employee of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

18.     Plaintiff has given his written consent to be party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

19.     Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated who are current or former employees of Defendants, including but not limited to current and former employees who agree in writing to join this action seeking recovery under the FLSA.

20.     Plaintiff bringss this action on behalf of himself and on behalf of all other similarly situated current and former employees of Defendants–specifically, current and former employees of Defendants who were not paid overtime for time worked in excess of 40 hours in a given workweek and whose wages, therefore, were non-compliant with the FLSA.

21.     Defendant Tacos de Cabeza, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's and the Collective Members' employer as defined by 29 U.S.C. § 203(d).

22.     Under the FLSA, Tacos de Cabeza, LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Tacos de Cabeza, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Tacos de Cabeza, LLC is subject to liability under the FLSA.

23.     Defendants Carlos Salas and Rosalinda Arzate are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Carlos Salas and Rosalinda Arzate are owners of Defendant Tacos de Cabeza, LLC, and were at all relevant times Plaintiff's and the Collective Members' employer as defined by the FLSA, 29 U.S.C. § 203(d).

24.     Under the FLSA, Defendants Carlos Salas and Rosalinda Arzate are employers.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendants Carlos Salas and Rosalinda Arzate are the owners of Defendant Tacos de Cabeza.  At all

relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, Defendants Carlos Salas and Rosalinda Arzate are subject to individual liability under the FLSA.

25.    Plaintiff are further informed, believe, and therefore allege that each of the Defendants gave consent to, ratified, and authorized the acts of all other Defendants, as alleged in this Complaint.

26.    Defendants, and each of them, are sued in both their individual and corporate capacities.

27.    Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff and the Collective Members.

28.    At all relevant times, Plaintiff and the Collective Members were "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

29.    The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

30.    At all relevant times, Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq.*

31.    Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff' and the Collective Members' work and wages at all relevant times.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-6-

32.     At all relevant times, Plaintiff and the Collective Members, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

33.     At all relevant times, Plaintiff and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## INDIVIDUAL AND COLLECTIVE FACTUAL ALLEGATIONS

34.     Plaintiff reallege and incorporate by reference all allegations in all preceding paragraphs.

35.     Defendants operate a chain of Mexican restaurants called "Tacos de Cabeza."

36.     At all relevant times, Defendants have employed individuals to perform front of house, back of house, serving, busing, kitchen prep, and prep cook-related duties at daily and/or weekly rates of pay for such work performed.

37.     At all relevant times, Defendants have operated pursuant to a policy and practice of not paying an overtime premium–one and one-half times the regular hourly rate of pay–to their current and former employees for time they spend working in excess of 40 hours in a given workweek.

38.     During his time working for Defendants, Plaintiff Homar Mendoza worked both Defendants' locations in both Tucson, Arizona and Phoenix, Arizona.

39.      At all relevant times, Plaintiff generally worked in excess of 40 hours in a given workweek for Defendants without receiving one and one-half times their regular rates of pay.

40.     Specifically, Plaintiff typically worked 10 hours per day or more, and typically worked at least six (6) days per week.

41.     As a result, Plaintiff typically worked 60 hours per week or more throughout their employment with Defendants.

42.     At all relevant times, Plaintiff and the Collective Members, collectively, have performed work at each and every of Defendants' Tacos de Cabeza locations.

43.     At all relevant times, Defendants have employed Plaintiff and the Collective Members to perform either "front of house" or "back of house" duties, generally at daily or weekly rates of pay, for such work performed.

44.     At all relevant times, Defendants did not pay Plaintiff or the Collective Members one- and one-half times their regular rates of pay for time spent working in excess of 40 hours in a given workweek.

45.     Plaintiff and the Collective Members are and were non-exempt employees.

46.     From the beginning of Plaintiff' and the Collective Members' employment through the present day, Defendants failed to properly compensate Plaintiff and the Collective Members for any of their overtime hours.  During this time, Plaintiff and the Collective Members generally worked approximately sixty (60) or more hours per given workweek.

47.     At all relevant times, Plaintiff and the Collective Members were paid exclusively at their regular rate of pay and were never paid overtime for time they worked in excess of 40 hours in a given workweek.

48.    Such conduct on the part of Defendants violated the FLSA, 29 U.S.C. § 207(a).

49.    At all relevant times, Plaintiff and the Collective Members were not paid on a salary basis.

50.    At all relevant times, Plaintiff and the Collective Members were not managers.

51.    At all relevant times, Plaintiff and the Collective Members did not have supervisory authority over any employees, did not possess the authority to hire or fire employees, did not possess authority to make critical job decisions with respect to any of Defendants' employees, did not direct the work of two or more employees, and did not exercise discretion and independent judgment with respect to matters of significance.

52.    At all relevant times, Plaintiff' and the Collective Members' primary duty was not the management of the enterprise in which they were employed or any recognized department of the enterprise.

53.    At all relevant times, From the beginning of Plaintiff' and the Collective Members' employment through the present day, Defendants failed to properly compensate them for any of their overtime hours.

54.    Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiff' and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

55.    Defendants refused and/or failed to properly disclose to or apprise Plaintiff and the Collective Members of their rights under the FLSA.

56.    Therefore, in a given workweek, and during each and every workweek of Plaintiff' and the Collective Members' employment with Defendants, Plaintiff and the Collective Members were subject to Defendants' policy and practice of not paying one and one-half times Plaintiff' and the Collective Members' regular rates of pay.

57.    In a given workweek, and during each and every workweek of Plaintiff' and the Collective Members' employment with Defendants, Plaintiff and the Collective Members worked more than 40 hours but were not paid the applicable one and one-half times Plaintiff' and the Collective Members' regular rates of pay for time they spent working in excess of 40 hours.

58.    Plaintiff believe and therefore claim that Defendants subjected each and every current and former employee that they employed, including Plaintiff and the Collective Members, to their policy and practice of not paying one and one-half times Plaintiff' and the Collective Members' regular rates of pay.

59.    Plaintiff and the Collective Members are covered employees within the meaning of the Fair Labor Standards Act ("FLSA").

60.    Defendants refused and/or failed to properly disclose to or apprise Plaintiff and the Collective Members of their rights under the FLSA.

61.    Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff' and Collective Members' work and wages at all relevant times.

62.     Due to Defendants' illegal wage practices, Plaintiff and the Collective Members are entitled to recover from Defendants compensation for unpaid overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

63.     At all times material, Defendants paid Plaintiff and the Collective Members at their regular rates of pay, regardless of whether they worked in excess of 40 hours in a given workweek.

64.     Defendants subjected all of their current and former employees, including Plaintiff and the Collective Members, to their policy and practice of not paying one and one-half times their regular rates of pay for time they spent working in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207(a).

65.     At all material times, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully subjecting Plaintiff and the Collective Members to their policy and practice of not paying one and one-half times their regular rates of pay for time they spent working in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207(a).

66.     Plaintiff' claims stated in this complaint are essentially the same as those of the Collective Members.  This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of the Collective Members similarly situated to Plaintiff is identical or substantially similar.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

67.     The Collective Members perform or have performed the same or similar work as Plaintiff.

68.     Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Plaintiff or the Collective Members.

69.     While Plaintiff have described Plaintiff' and the Collective Members' as current and former employees of Defendants, the specific job titles, compensation rates, or precise job responsibilities of each Collective Member does not prevent collective treatment.

70.     All Collective Members, irrespective of their particular job requirements and job titles, are entitled to proper overtime wage compensation for all hours worked in excess of 40 in a given workweek.

71.     Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula.  The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Collective Members.

72.     As such, Plaintiff bring this FLSA overtime wage claim as a collective action on behalf of the following class:

> **Collective Members: All current and former individuals employed by Defendants who worked in excess of 40 hours in a given workweek and who were not paid one and one-half times their regular rate of pay, and who worked for any of Defendants' Tacos de Cabeza locations in a given workweek, three years before the**

**Complaint was filed up to the present.**

73.     Defendants' unlawful conduct, as described in this Collective Action Complaint, is pursuant to Defendants' corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

74.     Defendants are aware or should have been aware that federal law prohibited them from not paying Plaintiff and the Collective Members an overtime premium wage for time spent working in excess of 40 hours per given workweek.

75.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

76.     This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

77.     Upon information and belief, the individuals similarly situated to Plaintiff include more than one hundred (100) employees currently and/or formerly employed by Defendants, and Plaintiff are unable to state the precise number of similarly-situated employees because that information is solely in Defendants' possession, custody, or control, but it can be readily ascertained from their employment records and the records of Defendants' payroll processor.

78.     Notice can be provided to the Collective Members by First Class Mail to the last address known to Defendants, via email at the last known email address known to Defendants, by text message to the last known telephone number known to Defendants, and through jobsite postings.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

**DAMAGES**

79.     Plaintiff reallege and incorporate by reference all allegations in all preceding paragraphs.

80.     Plaintiff and the Collective Members are entitled to recover overtime compensation for the hours they worked in excess of 40 per given workweek for which they were not paid at the federally mandated one and one-half times their regular rates of pay.

81.     Plaintiff and the Collective Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

82.     Plaintiff and the Collective Members are also entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY OVERTIME**

83.     Plaintiff reallege and incorporate by reference all allegations in all preceding paragraphs.

84.     At all relevant times, Defendants did not pay Plaintiff or the Collective Members one and one-half times their regular rates of pay for time spent working in excess of 40 hours in a given workweek.

85.     Defendants engaged in such conduct in direct violation of 29 U.S.C. § 207(a).

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

86.     As such, unpaid overtime wages for such time Plaintiff and the Collective Members worked in excess of 40 hours per given workweek is owed to Plaintiff and the Collective Members for the entire time they were employed by Defendants.

87.     Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiff' and the Collective Members' employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

88.     Plaintiff and the Collective Members are therefore entitled to compensation for their unpaid overtime wages at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Homar Mendoza, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff and the Collective Members' favor, and against Defendants:

A.     For the Court to declare and find that the Defendants committed one or more of the following acts:

i.     violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay proper overtime wages;

ii.     willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

B.      For the Court to award damages in the amounts of all unpaid overtime compensation due and owing to Plaintiff and the Collective Members for time they spent working in excess of 40 hours per given workweek;

C.      For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D.      For the Court to award prejudgment and post-judgment interest on any damages awarded;

E.      For the Court to award Plaintiff and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

F.      For the Court to provide reasonable incentive awards for each named Plaintiff to compensate them for the time they spent attempting to recover wages for the Collective Members and for the risks they took in doing so; and

G.      Such other relief as this Court deems just and proper.

## REQUEST FOR COLLECTIVE ACTION CERTIFICATION

As to Count I of this Complaint, Plaintiff requests that the Court designate this action as a collective action on behalf of the FLSA Collective Members and promptly issue a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to

1    timely assert FLSA claims in this action by filing individual Consent to Sue Forms

2    pursuant to 29 U.S.C. § 216(b).

3

4                                   **JURY TRIAL DEMAND**

5

6         Plaintiff demand a trial by jury on all issues so triable.

7         RESPECTFULLY SUBMITTED this 2nd day of June, 2022.

8                                        BENDAU & BENDAU PLLC

9

10                                       By: /s/ *Christopher J. Bendau*
                                         Clifford P. Bendau, II
11                                       Christopher J. Bendau
                                         *Attorneys for Plaintiff*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060